# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 22-0306V

|  |  |
|---|---|
| TRUDI DONOVAN,<br><br>           Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>           Respondent. | Chief Special Master Corcoran<br><br>Filed: June 12, 2025 |

*Laura Levenberg*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Benjamin Patrick Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On March 21, 2022, Trudi Donovan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a Table injury – shoulder injury related to vaccine administration ("SIRVA") - as the result of influenza and/or pneumococcal conjugate vaccines received on September 11, 2020. Petition at 1. On November 22, 2024, I issued a decision finding Petitioner entitled to compensation and awarding

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

damages, following briefing and expedited Motions Day argument by the parties. ECF No. 25.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $33,467.32 (representing $31,986.90 for fees and $1,480.42 in attorney's costs). Petitioner's Application for Attorneys' Fees, filed Jan. 15, 2025, ECF No. 30. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on January 28, 2025, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 31. Petitioner did not file a reply.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted.

However, Ms. Levenberg billed her travel time at her full hourly attorney rate.[3] In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Hum. Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009*); English v. Sec'y of Health & Hum. Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). But "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Hum. Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.* **Applying a one-half hourly attorney rate to Ms. Levenberg's travel time reduces the amount of fees to be awarded by $1,600.00.[4]**

Regarding the time billed, I note this case required additional briefing and argument regarding damages. *See* Petitioner's Motion for a Ruling on the Record, filed Dec. 11, 2023, ECF No. 20; Petitioner's Minute Entry, dated Nov. 22, 2024 (for November 22, 2024 expedited hearing). Petitioner's counsel expended approximately 16.6 hours drafting the entitlement and damages brief and 10.6 hours drafting a responsive entitlement and damages brief,[5] for a combined total of 27.2 hours. ECF No. 30 at 12. I find this time to have been reasonably incurred. (And all time billed to the matter was also reasonably incurred.)

---

[3] These entries are dated as follows: 11/21/24, 11/22/24. ECF No. 30 at 13.

[4] This amount consists of ($400 - $200) x 8.0 hrs. = $1,600.00.

[5] It appears this reply brief was never filed, but I will nevertheless reimburse Petitioner for this work. However, Petitioner's counsel should ensure such oversight does not occur in the future.

## ATTORNEY COSTS

Petitioner requests $1,480.42 in overall attorney costs and has provided receipts for all expenses. ECF No. 30 at 15-30. And Respondent offered no specific objection to the amounts sought. ECF No. 31.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$31,867.32 (representing $30,386.90 for fees and $1,480.42 in attorney's costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.